PIERCE, Judge.
This is an interlocutory appeal by appellants Florence A. Sherman and Edith Elizabeth Sherman, defendants in the Court below, from an order permitting appellee Wilbur C. Holzapfel, plaintiff below, to file an amended complaint in an automobile negligence case, adding Michigan Mutual Liability Company as an additional party defendant and granting a motion requiring the production of a liability insurance policy for inspection and copying.
The motions had been filed by plaintiff Holzapfel pursuant to the Supreme Court opinion in Shingleton v. Bussey, Fla.1969, *551 223 So.2d 713, which now permits, in automobile accident cases, the inclusion of the defendant’s automobile liability insurance carrier as a party defendant.
The Shermans contended in the lower Court, and now contend here, that the order of the lower Court, predicated admittedly upon Shingleton, denies the insurance carrier, Michigan Mutual Liability Company, equal protection of the laws, denies the carrier due process of law, and impairs the obligation of its insurance contract with the Shermans, all in violation of the Federal and State Constitutions.
Such argument is clearly untenable. In the first place, the carrier is not even yet a party to the cause and is therefore not complaining. And while the Shermans might not look with approval upon the carrier being joined as a party defendant, they cannot speak for the carrier, nor press legal contentions which belong solely to the carrier. It is not inconceivable that the carrier might in fact not be averse to being made a party defendant. Certainly, however, it is a matter of judgment personal to the carrier.
In the second place, the Circuit Court and this Court must presume such constitutional objections to have been laid at rest by the Supreme Court’s opinion in Shingleton. In that case the State high Court held that insurance carriers could be made parties defendant in automobile accident liability cases where the principal defendants have insurance coverage. It must be presumed that the Supreme Court carefully considered all constitutional objections to such landmark holding and negated the same. The doctrine announced in Shingleton cannot be relitigated or reconsidered either in the Circuit Court or here.
The interlocutory order appealed is therefore—
Affirmed.
LILES, Acting C. J., and MANN, J., concur.